IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONNIE RATCLIFF     PLAINTIFF

VERSUS     CIVIL ACTION NO. 3:05cv150HTW-JCS

L. GREER     DEFENDANT

## ORDER

This matter is before the Court on the plaintiff's letter motion to reconsider [document #9] filed September 15, 2005. The Court has liberally construed the plaintiff's letter motion as a request that this court reconsider the Memorandum Opinion and Final Judgment filed August 29, 2005.

"The Federal Rules do not recognize a `motion for reconsideration' *in haec verba.*" Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). However, if such a motion is filed more than 10 days from the entry of the judgment, it falls under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Id. In the instant civil action, the plaintiff's motion was filed more than 10 days after the entry of the judgment and as such, is construed as a motion pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. See Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003).

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).   In his letter motion, the plaintiff fails to provide good cause for not complying with the previous orders of this court.  The plaintiff merely states that he is facing a deadline[1] and "needs a new court . . . hearing."   He does not assert any of the grounds required by Rule 60(b).  Therefore, this Court finds that there is no reason to alter its previous ruling.  It is, therefore,

ORDERED AND ADJUDGED that plaintiff's motion to reconsider [document #9] is denied.  It is further,

SO ORDERED AND ADJUDGED this the 9th day of February, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It appears to this Court that the deadline the plaintiff is referring to is filing a motion for post-conviction relief in state court pursuant to Mississippi Code Annotated § 99-39-1 to -29 (1972), as amended.